Tim Warriner (SB#166128)
Attorney at Law
813 6th St., Suite 450
Sacramento, CA 95814
(916) 443-7141
FAX: (916) 441-0970

Attorney for Defendant,
CHHOM MAO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR S 04-205 GEB |
| Plaintiff, ) | STIPULATION RE: RESENTENCING OF CHHOM MAO |
| v. ) | |
| CHHOM MAO, ) | |
| Defendant. ) | |

   In a written order filed March 12, 2008, the Ninth Circuit granted the parties' stipulated motion to vacate the sentences of defendants Chhom Mao, Tha Bun Heng, and Clevie Earl Buckley, Jr., and to remand for reconsideration of their sentences in light of the Supreme Court's intervening decision in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (Dec. 10, 2007). On remand, the defendant Chhom Mao, through his attorney Tim Warriner, and the United States through its counsel, Assistant U.S. Attorney Daniel Stoddard McConkie, Jr., hereby stipulate and request that Mr. Mao be re-sentenced to 151 months imprisonment as follows:

1.  After a jury trial, defendant Chhom Mao was convicted of one count of possession with intent to distribute cocaine base and one count of distribution of cocaine base. On April 13, 2007, the district court determined that Mr. Mao's total offense level was 34 and his criminal history category was III. The court determined the guideline range to be 188 to

235 months.  The court then sentenced Mr. Mao to the bottom of the guideline range, or 188 months imprisonment.  In doing so, the Court rejected Mr. Mao's argument that the 100:1 crack versus powder cocaine quantity ratio warranted a below-guidelines sentence in light of all the circumstances of this case under § 3553(a).

2. After sentencing, the Supreme Court decided Kimbrough v. United States, 128 S.Ct. 558, 664 (Dec. 10, 2007), which held that district courts may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining what sentence is sufficient, but not greater than necessary to satisfy, the purposes of sentencing in § 3553(a).  In light of the intervening precedent of Kimbrough, the Ninth Circuit granted the parties' stipulated motion to vacate the defendant's sentence and to remand for re-sentencing.  See Order, Filed March 12, 2008.  The Ninth Circuit issued its mandate on May 2, 2008.

3. At his initial sentencing, Mr. Mao's offense was found to have involved 210 grams of cocaine base, which equated to a level 34 at his original sentencing.  There were no other adjustments applied to the guideline offense level.  Since the original sentencing on April 13, 2007, the U.S. Sentencing Commission amended the guideline offense level for crack cocaine offenses in a way that generally reduces the applicable offense levels in crack cocaine cases by 2-levels.  See U.S.S.G. § 2D1.1, (amendment 217) (eff. May 1, 2008).  This amendment was made retroactive by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  On remand, Mr. Mao is now eligible for a sentence reduction under this retroactive guideline amendment.  See United States v. Grissom, No. 06-10688, 2008 U.S. App.Lexis 8024 (Apr. 15, 2008).  Mr. Mao now moves for a sentencing reduction under this amendment pursuant to 18 U.S.C. § 3582(c)(2).  With the 2-level reduction under the retroactive crack cocaine guideline amendment, Mr. Mao's guideline offense level becomes 32 and his final guideline range is 151-188 months imprisonment.

4. On remand for re-sentencing and pursuant to Mr. Mao's request (18 U.S.C. § 3582(c)(2)) the parties thus stipulate that the Court grant retroactive application of the crack cocaine amendment and stipulate that the appropriate sentence in this case is 151 months imprisonment, the bottom of the amended guideline range.  The parties agree that this sentence is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  The parties also agree that all other aspects of Mr. Mao's sentence shall remain the same.  This stipulation does not affect Mr. Mao's right to appeal his convictions in this case and any challenges Mr. Mao may have on appeal to his convictions.

5. Defendant Mao is currently incarcerated at FCI Lompoc.  Mr. Mao has been advised of his right to be present for re-sentencing.  Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Mr. Mao has executed the attached waiver of his right to be present at any re-sentencing proceeding.  He also waives his rights to be present and to allocution at re-sentencing.  He also agrees to the stipulated sentence of 151 months imprisonment.

Respectfully submitted,

DATED: October 7, 2008      /s/ Tim Warriner, Attorney for Defendant, CHHOM MAO

DATED: October 7, 2008      /s/ Assistant U.S. Attorney Daniel Stoddard McConkie, Jr.

3

**DEFENDANT CHHOM MAO'S WAIVER
OF PRESENCE AT RE-SENTENCING**

I, Chhom Mao, am currently incarcerated at FCI Lompoc. I have been advised of my right to be present for re-sentencing. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I also agree to the stipulation for a 151 month sentence on remand after my appeal.

DATED: September 3, 2008               /s/ Chhom Mao, Defendant
                                       [original signature on file]

**ORDER**

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby re-sentences defendant Chhom Mao to 151 months imprisonment in <u>United States v. Mao</u>, CR 04-205-GEB.  All other aspects and conditions set forth in the judgment previously filed shall remain the same.  The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated:  October 8, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge